# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JEFFREY HAWKINS,

                Petitioner,             :    Case No. 1:20-cv-014

    - vs -                          District Judge Douglas R. Cole
                                 Magistrate Judge Michael R. Merz

WARDEN, Belmont
  Correctional Institution,

                              :
                Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Jeffrey Hawkins under 28 U.S.C. § 2254, seeks relief from Petitioner's convictions in the Hamilton County Court of Common Pleas. The case is before the Court for decision on the merits on the Petition (ECF No. 4), the State Court Record (ECF No. 10), the Return of Writ (ECF No. 11) and Petitioner's Reply (ECF No. 19). The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 20); ultimate decision of the case remains with District Judge Cole.

**Litigation History**

On May 2, 2016, a Hamilton County, Ohio grand jury indicted Hawkins on one count of aggravated murder in violation of Ohio Revised Code § 2903.01(A)(2) and one count of murder in violation of Ohio Revised Code Ohio Revised Code § 2903.02(A); both counts carried firearm

specifications (Indictment, State Court Record, ECF No. 10, Ex. 1). With the assistance of counsel, Hawkins negotiated a plea agreement under which he was to plead guilty to one count of murder and one count of felonious assault, each with a firearm specification. *Id.* at Ex. 6. The Plea Agreement noted that it was pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), and contained an agreed sentencing range of fifteen to twenty years. After considering a presentence investigation report, the trial judge sentenced Hawkins to an aggregate twenty years imprisonment.

Hawkins appealed to the Ohio Court of Appeals for the First District which affirmed the conviction and sentence. *State v. Hawkins,* 2018 Ohio App. LEXIS 3517 (1st Dist. Aug. 15, 2018), appellate jurisdiction declined, 154 Ohio St. 3d 1432 (2018).

On October 29, 2018, Hawkins filed a motion to withdraw his guilty plea on the grounds that it was not knowing, intelligent, and voluntary and based on ineffective assistance of trial counsel. The trial judge denied the motion and Hawkins did not appeal.

Hawkins filed his Petition by placing it in the prison mail system November 15, 2019. He pleads the following grounds for relief:

> **Ground One**: Trial Court erred to Hawkins (sic) prejudice by convicting him of multiple 3 year gun specifications attached to involuntary manslaughter and felonious assault and ordering the two gun specifications to run consecutive to each other in this Alford Agreed plea, where it was not voluntarily, knowing or intelligently made as to the multiple consecutive gun specifications, resulting in a violation of petitioner (sic) Due Process right, as guaranteed by the 14th Amendment to the United States Constitution; and against Article 1, Section 16 of the Ohio Constitution.
>
> **Ground Two**: Trial Court erred to petitioner (sic) prejudice and abused its discretion by not ruling on petitioner (sic) affidavit of indigence, when it imposed $35,000.00 Non-Mandatory fines, resulting in a violation of petitioner (sic) Due process right, as guaranteed by the 14th Amendment to the United States Constitution, and against Article 1 Section 16 of the Ohio Constitution.

**Ground Three**: Petitioner received ineffective assistance of counsel and is prejudiced by trial counsel (sic) failure to file affidavit of indigence, resulting in a violation of right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution, and Article 1, Section 10 of the Ohio Constitution.

**Ground Four**: Trial court erred to petitioner's prejudice by imposing an excessive consecutive prison term, resulting in a violation of right from cruel and unusual punishment, the violation is against the Eighth Amendment of the United States Constitution, and Article 1 Section 9 of the Ohio Constitution.

**Ground Five**: Trial court erred by failing to replace petitioners (sic) trial counsel, resulting in a violation of the right to effective assistance of counsel, as guaranteed, by the Eighth Amendment, of the United States Constitution, and Article 1 Section 10 of the Ohio Constitution.

(Petition, ECF No. 4 PageID #66-67).

# Analysis

**Claims under the Ohio Constitution**

Each of Petitioner's Grounds for Relief contains a claim made under Article I, Section 9, 10, or 16 of the Ohio Constitution.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  Therefore Petitioner's claims under the Ohio Constitution should be dismissed without prejudice for failure to state a claim upon which federal habeas corpus relief can be granted.

3

**Ground One:  Invalid Guilty Plea as to Firearm Specifications**

In his First Ground for Relief, Hawkins asserts his guilty plea was not knowing, intelligent, and voluntary insofar as his sentence to two consecutive three-year terms of imprisonment on the firearm specifications.

The First District considered this claim on direct appeal and held as follows:

> In his first assignment of error, Hawkins contends that the trial court erred by convicting him of multiple firearm specifications, and in ordering the sentences on those specifications to run consecutively to each other, because they were allied offenses of similar import. This assignment of error is not well taken.
>
> This case involves an agreed sentence, which is not subject to appellate review as long as it is authorized by law. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16; *State v. Williams,* 1st Dist. Hamilton No. C-150320, 2016-Ohio-376, ¶ 4. But when a sentence is imposed for multiple convictions on offenses that are allied offenses of similar import, R.C. 2953.08(D)(1) does not bar appellate review of the sentence even though it was jointly recommended by the parties and imposed by the court. *Underwood* at paragraph one of the syllabus; *Williams* at ¶ 5. An exception to this rule is when the state and a defendant stipulate in the plea agreement that the offenses were committed with a separate animus, thus subjecting the defendant to more than one conviction and sentence. *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 20; *Underwood* at ¶ 29; *Williams* at ¶ 5-7.
>
> The record shows that the parties had stipulated that the two underlying offenses, involuntary manslaughter and felonious assault, were committed with a separate animus. A firearm specification is a sentencing enhancement, not a separate criminal offense. *State v. Ford,* 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 16; *State v. Welninski*, 6th Dist. Wood Nos. WD-16-039 and WD-16-040, 2018-Ohio-778, ¶ 101. The firearm specification is contingent upon the underlying felony conviction and does not contain a positive prohibition of conduct. *Ford* at ¶ 16. Therefore, if the underlying offenses were committed with a separate animus, then the firearm specifications were also committed with a separate animus.

4

The trial court's statement at the sentencing hearing that the firearm specifications would merge does not change the fact that the firearm specifications were committed with a separate animus. Further, former R.C. 2929.14(B)(1)(g) permitted the imposition of consecutive sentences for the firearm specifications. See *Welninski* at ¶ 101-102.

Hawkins also claims that his plea was not made knowingly, intelligently, and voluntarily because he believed that the specifications would be merged. A trial court must strictly comply with the provisions of Crim.R. 11(C) related to the constitutional rights a defendant waives by entering a guilty plea. *State v. Ballard,* 66 Ohio St.2d 473, 476-478, 423 N.E.2d 115 (1981); *State v. Fields,* 1st Dist. Hamilton No. C-090648, 2010-Ohio-4114, ¶ 8. It must substantially comply with the provisions of the rule relating to other notifications. *State v. Nero,* 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990); *Ballard* at 475-476; *Fields* at ¶ 8.

Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of the plea and the rights he is waiving. *Nero* at 108. A defendant who challenges his plea on the basis that it was not knowingly, intelligently and voluntarily made must show that he was prejudiced. "The test is whether the plea would otherwise have been made." *Nero* at 108; *Fields* at ¶ 9.

The record shows that the trial court strictly complied with the provisions of Crim.11(C) relating to Hawkins's constitutional rights and substantially complied with the rule in all other respects. The court conducted a meaningful dialogue to ensure that his plea was made knowingly, intelligently, and voluntarily. See *Fields* at ¶ 10. Hawkins agreed to a sentencing range of 15 to 20 years, and the sentence imposed by the trial court was within that range. The trial court's erroneous statement that the firearm specifications would merge did not cause him prejudice. Hawkins has not demonstrated that but for the erroneous statement, he would not have entered his pleas. We, therefore, overrule his first assignment of error.

*State v. Hawkins*, 2018 Ohio App. LEXIS 3517.

Respondent defends this Ground for Relief on the merits, asserting the First District's findings of fact have not been shown to be clearly erroneous and its legal conclusions are neither contrary to nor an objectively unreasonable application of Supreme Court precedent.

In his Reply, Hawkins asserts "The trial judge himself stated that this case was <u>one</u> incident and could only have, by law, <u>one</u> gun specification." (ECF No. 19, PageID 380, citing Doc. No. 10, page 83 of 125, PageID 164). Petitioner's citation is not to any transcript, but to his own *pro se* purported quotation from the plea colloquy in his Memorandum in Support of Jurisdiction in the Supreme Court of Ohio (ECF No. 10, Ex. 19, PageID 158 *et seq.*).

The actual transcript of the change of pleading hearing is found at State Court Record, ECF No. 10, PageID 225, *et seq.* Asked to state the terms of the plea agreement, the prosecutor stated that Count One would be amended to murder and Count Two to felonious assault. *Id.* at PageID 227. "[B]oth of them have three-year Gun Specs. The agreement is that the offenses were committed with a separate animus." *Id.* On the very next page Judge Dinkelacker confirmed that the plea entry included the separate animus admission. *Id.* at PageID 228. Defense counsel and Hawkins separately also agreed. *Id.* The judge then confirmed that both sides agreed there was a separate animus for the two offenses. *Id.*

Upon inquiry from defense counsel, the judge made the statement Hawkins quotes that the firearm specifications would be merged at sentencing because there was only one incident involved. *Id.* at PageID 231-32. He then followed up by saying that the gun specifications to Count One and Count Two would merge at sentencing, which Defendant said he understood. *Id.* at PageID 233. However, when pronouncing sentence orally, the judge provided that the two firearm specifications would run consecutive to each other: "Specification 2 to Count 2 is a three-year firearm spec. That is to run consecutive to Count 1 as well as the three-year gun specification on Count 1, so there is a total of 20 years the Ohio Department of Corrections." (Transcript, ECF No. 10, PageID 308). The final Judgment Entry of Conviction embodies this orally pronounced sentence: eleven years for murder plus three years consecutive for the firearms specification to

6

Count One plus three years for felonious assault plus three years for the firearm specification to Count Two  (eleven plus three plus three plus three equals twenty)(ECF No. 10, Ex. 12).

According to the First District, the trial judge misstated the law when he stated during the plea colloquy that the two firearm specifications would merge at sentencing.  But the court also found this error did not prejudice Hawkins because he had not shown that he would not otherwise have pleaded guilty.  That amounts to a harmless error determination.

Hawkins argument is that "I don't believe it is legal or just to sentence someone to two crimes when they were originally indicted for one act."  That is the logic behind Ohio Revised Code § 2941.25, Ohio's allied offenses statute, as it has been interpreted by the Supreme Court of Ohio.  But here Count One was reduced from aggravated murder all the way down to involuntary manslaughter with the penalty reduced from mandatory life in prison to a maximum of eleven years imprisonment.  To achieve a sentence that the prosecution thought was fair, it was necessary to add a conviction on the felonious assault count and to get an agreed sentencing range of fifteen to twenty years.  The sentencing range was plainly an important part of the plea agreement and Hawkins receive the benefit of that bargain, an aggregate sentence of twenty years.

Had the case gone to trial and Hawkins been convicted as charged, the court at sentencing would, in all probability, have been obliged under Ohio Revised Code § 2941.25 to treat the killing as one act and impose a sentence of life without parole plus three years on the merged firearm specifications.  To achieve an agreed sentencing range both sides thought was fair, it was necessary to stipulate that the two offenses occurred with a separate animus as to each.  Even if only one act would have been found if the case was tried, it was not unlawful for the parties to stipulate to separate animus and to allow that stipulated fact to control the outcome.

Constitutional error is harmless if the habeas court is satisfied it did not have a substantial

and injurious effect or influence in determining the outcome. *Brecht v. Abrahamson*, 507 U.S. 619 (1993), adopting standard from *Kotteakos v. United States*, 328 U.S. 750 (1946). The First District's decision that the trial judge's misstatement of the law during the plea colloquy did not prejudice Hawkins is a reasonable application of *Brecht*. The First Ground for Relief should therefore be dismissed.


**Grounds Two and Three: Failure to Find Defendant Indigent**


In his Second Ground for Relief, Hawkins claims the trial court violated his due process rights when it imposed a fine of $35,000. In his Third Ground for Relief, he claims he received ineffective assistance of trial counsel in violation of his Sixth Amendment rights when his trial attorney did not timely file an affidavit of indigence.

Respondent argues these two claims are not cognizable in habeas corpus because Hawkins is not in custody as a result of either of these asserted constitutional violations (Return, ECF No. 11, PageID 343, *et seq*.). Hawkins does not respond to this argument in his Reply (ECF No. 19, PageID 381).

Respondent is correct that habeas corpus jurisdiction only extends to constitutional errors which have resulted in petitioners' being in custody. *Maleng v. Cook*, 490 U.S. 488 (1989). Hawkins is not in custody on the fine portion of his sentence. Therefore Grounds Two and Three should be dismissed without prejudice to their renewal if at some future time Hawkins is in custody for failure to pay the fine.

**Ground Four:  Excessive Punishment**

In his Fourth Ground for Relief, Hawkins claims his twenty-year consecutive sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment.

Respondent asserts this claim is procedurally defaulted because it was not presented to the First District as a constitutional claim (Return, ECF No. 11, PageID 352).  Alternatively, the Warden claims the First District's decision is entitled to deference under 28 U.S.C. § 2254(d)(1). *Id.*  Hawkins replies that he had a record of thirty-five years of public service and this was not a premeditated murder (Reply, ECF No. 19, PageID 382).

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991).

There are occasions when a state court defendant will have made claims in the state courts which, while not explicitly invoking the United States Constitution, in fact fairly place before the state courts the substance, both facts and legal theory, of a claim or claims later made in habeas corpus.

> [T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like factual situations, (c) assertion of the claim in terms so particular as

> to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts well within the mainstream of constitutional litigation.

*Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *accord*, *Whiting v. Birt*, 395 F.3d 602 (6th Cir. 2005); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000).

Examining Hawkins' brief on appeal to the First District, the Magistrate Judge concludes Hawkins did not fairly present an Eighth Amendment claim. His argument is entirely in terms of the Ohio statutes governing imposition of consecutive sentences (Appellant's Brief, State Court Record, ECF No. 10, PageID 129-30). No mention is made of the Eighth Amendment or any federal case law. The Ohio consecutive sentencing statutes, while intended in a very general way to serve the same purpose as the Cruel and Unusual Punishment Clause of making punishment proportional the offense, do not embody federal constitutional norms for deciding whether consecutive sentences are justified.

In deciding the relevant Assignment of Error on direct appeal, the First District certainly did not evince an understanding that it was deciding a federal constitutional claim. It held:

> In his fourth assignment of error, Hawkins contends that the trial court erred in imposing excessive consecutive prison terms. But under R.C. 2953.08(D), we are precluded from reviewing whether the sentences were excessive. See *State v. Spurling,* 1st Dist. Hamilton No. C-060087, 2007-Ohio-858, ¶ 15.
>
> We can review whether the proper findings were made justifying the imposition of consecutive sentences. *State v. Davis,* 1st Dist. Hamilton No. C-140351, 2015-Ohio-775, ¶ 4-9. The record shows that the trial court made the proper findings to impose consecutive sentences and incorporated them in the judgment entry. See *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus; *State v. Thomas*, 1st Dist. Hamilton No. C-140070, 2014-Ohio-3833, ¶ 5-9. Therefore, we overrule Hawkins's fourth assignment of error.

*State v. Hawkins*, 2019 Ohio App. LEXIS 3517. The Magistrate Judge concludes Hawkins

procedurally defaulted on his Eighth Amendment claim by not fairly presenting it to the First

District as a federal constitutional claim.

Alternatively, the claim is without merit. Regarding proportionality of sentence to crime

in the Eighth Amendment context, the Supreme Court has held:

> The Eighth Amendment proportionality principle also applies to
> noncapital sentences. In *Rummel v. Estelle,* 445 U.S. 263, 63 L. Ed.
> 2d 382, 100 S. Ct. 1133 (1980), we acknowledged the existence of
> the proportionality rule for both capital and noncapital cases, id., at
> 271-274, and n. 11, but we refused to strike down a sentence of life
> imprisonment, with possibility of parole, for recidivism based on
> three underlying felonies. In *Hutto v. Davis,* 454 U.S. 370, 374, 70
> L. Ed. 2d 556, 102 S. Ct. 703, and n. 3 (1982), we recognized the
> possibility of proportionality review but held it inapplicable to a 40-
> year prison sentence for possession with intent to distribute nine
> ounces of marijuana. Our most recent decision discussing the
> subject is *Solem v. Helm,* 463 U.S. 277, 77 L. Ed. 2d 637, 103 S. Ct.
> 3001 (1983). There we held that a sentence of life imprisonment
> without possibility of parole violated the Eighth Amendment
> because it was "grossly disproportionate" to the crime of recidivism
> based on seven underlying nonviolent felonies. The dissent in *Solem*
> disagreed with the Court's application of the proportionality
> principle but observed that in extreme cases it could apply to
> invalidate a punishment for a term of years. Id., at 280, n. 3. See also
> *Hutto v. Finney*, 437 U.S. 678, 685, 57 L. Ed. 2d 522, 98 S. Ct. 2565
> (1978) (dicta); *Ingraham v. Wright*, 430 U.S. 651, 667, 51 L. Ed. 2d
> 711, 97 S. Ct. 1401 (1977) (dicta).

*Harmelin v. Michigan,* 501 U.S. 957, 997-998 (1991). The Sixth Circuit "adheres to the 'narrow

proportionality principle' for evaluating Eighth Amendment claims articulated in *Harmelin*."

*United States v. Young,* 847 F.3d 328 (6th Cir. 2017), citing *United States v. Graham*, 622 F.3d

445, 452 (6th Cir. 2010); *United States v. Hill*, 30 F.3d 48, 50-51 (6th Cir. 1994).

A twenty-year sentence within a range agreed to by the offender is not simply not a

disproportionate sentence for an intentional killing. Ground Four should therefore be dismissed

with prejudice.

11

**Ground Five:  Failure to Replace Appointed Counsel**

In his Fifth Ground for Relief**,** Hawkins claims the trial court violated his right to effective assistance of counsel when it refused to replace his appointed attorneys.  Although Hawkins cites the Eighth Amendment, the right to counsel is guaranteed by the Sixth Amendment.

Hawkins raised this claim as part of his Fifth Assignment of Error on direct appeal, but the First District refused to reach it for decision because it involved matters outside the appellate record.  *State v. Hawkins*, 2019 Ohio App. LEXIS 3517 at *7.

Respondent asserts this Ground for Relief is procedurally defaulted because Hawkins never properly raised it in a collateral attack on the judgment (Return, ECF No. 11, PageID 357).  Hawkins' Reply addresses the merits of this claim, but says nothing about any presentation of it after appeal (Reply, ECF No. 19, PageID 383).

Under Ohio law a claim that a conviction is unconstitutional that could not be presented on the record on direct appeal must be presented in a petition for post-conviction relief, supported by the evidence outside the appellate court record on which the defendant relies.  A § 2953.21 petition may be brought to raise constitutional questions which depend on material outside the record on direct appeal.  *State v. Milanovich,* 42 Ohio St. 2d 46 (1975); *Saylor v. Overberg*, 608 F.2d 670 (6th  Cir. 1979);  *State v. Gibson,* 69 Ohio App. 2d 91 (Cuyahoga Cty. 1980).  Because the time within which Hawkins could have filed a petition for post-conviction relief has now expired, he has procedurally defaulted his Fifth Ground for Relief and it should be dismissed with prejudice.

**Conclusion**

On the basis of the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 1, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.