# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**JEFFREY HAWKINS,**

    **Plaintiff,**

    v.

**WARDEN, BELMONT CORRECTIONAL INSTITUTION,**

    **Defendant.**

**Case No. 1:20-cv-14**
**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Merz**

## ORDER

This cause comes before the Court on the Magistrate Judge's December 1, 2020, Report and Recommendation ("R&R") (Doc. 21). The Magistrate Judge recommends that the Court **DISMISS** the Plaintiff's case in its entirety, but with prejudice as to some claims (principally Hawkins' federal constitutional claims) and without prejudice as to others (principally his claims under the Ohio Constitution).

The R&R advised both parties that a failure to object within the 14 days specified by the R&R may result in forfeiture of rights on appeal, which includes the right to District Court review. (R&R at #402). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R & R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). The time for filing objections has long since passed, and none have been filed.

Therefore, the Court **ADOPTS** the Report and Recommendation (Doc. 21) and **DISMISSES** the Plaintiff's action in its entirety. As set forth in that R&R, though, this Court dismisses some of the claims with prejudice, and some without prejudice. Starting with the latter, the Court **DISMISSES WITHOUT PREJUDICE** all of Hawkins' claims under the Ohio Constitution, as such claims are not cognizable in federal habeas proceedings. Claims 2 and 3, meanwhile, concern the state court's imposition of fines and "failure" to declare Hawkins indigent. As the Magistrate Judge observed, challenges to either, even if grounded in federal law, are not cognizable in habeas corpus, as neither resulted in Hawkins' confinement. The Court therefore likewise **DISMISSES** Claims 2 and 3 **WITHOUT PREJUDICE**. As for Hawkins' remaining claims under the United States Constitution, the Court **DIMISSES** Claim 1 (invalid guilty plea), Claim 4 (excessive punishment), and Claim 5 (failure to replace appointed counsel) **WITH PREJUDICE**.

As reasonable jurists could not disagree with this conclusion, Hawkins is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous. The Court **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED.**

March 23, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**